Objection that evidence did not raise issue authorizing certain instructions *held* not reviewable, in absence of statement of facts or bills of exception.

**2. Criminal law ⬥1090(14).**

Refusal of special charges cannot be reviewed, in absence of statement of facts or bills of exception.

Appeal from District Court, Potter County; Henry S. Bishop, Judge.

James Tesar was convicted of possessing intoxicating liquor for the purpose of sale, and he appeals. Affirmed.

E. O. Northcutt, of Amarillo, for appellant.
Sam D. Stinson, State's Atty., of Austin, and Robt. M. Lyles, Asst. State's Atty., of Groesbeck, for the State.

HAWKINS, J. Conviction is for possessing intoxicating liquor for the purpose of sale. Punishment is one and one-half years in the penitentiary.

[1, 2] The record contains neither statement of facts nor bills of exception. Objections to the court's charge are based on the claim that the evidence raised no issue authorizing certain instructions. Manifestly, without having the facts before us, we are in no position to review this matter. The same is true of the special charges refused. In the absence of the facts proven, we cannot determine whether the requested charges were appropriate.

The judgment is affirmed.

MORROW, P. J., absent.

---

## WOODARD v. STATE. (No. 9934.)

(Court of Criminal Appeals of Texas. March 17, 1926.)

**Rape ⬥53(2)—Conviction of assault to rape held not sustained by evidence, in view of undisputed testimony that defendant was never within reach of prosecutrix.**

Where undisputed testimony showed that defendant never was within 6 feet of prosecutrix, and never touched her, evidence was insufficient to sustain conviction of assault with intent to rape.

Commissioners' Decision.

Appeal from Criminal District Court, Tarrant County; Geo. E. Hosey, Judge.

Frank Woodard was convicted of assault with intent to rape, and he appeals. Reversed and remanded.

E. S. Allen, of Fort Worth, for appellant.
Sam D. Stinson, State's Atty., of Austin, and Nat Gentry, Jr., Asst. State's Atty., of Tyler, for the State.

BAKER, J. The appellant was convicted in the criminal district court of Tarrant county for the offense of assault with intent to rape, and his punishment assessed at five years in the penitentiary.

The record discloses that the prosecutrix, Mrs. J. D. Armstrong, and her husband lived at Lake Worth, and the appellant, a negro about 20 or 21 years old, lived with his family in that vicinity, and on the evening of the alleged offense, about dark, the prosecutrix heard the appellant call for Mr. Clark, one of her neighbors who was engaged in running a truck and doing job work, and she informed the appellant that Mr. Clark was not at home, but would be back in a few minutes. Thereupon she went into the house, and shortly thereafter the appellant entered the house, and she observed that he was a negro, and was unbuttoning his pants and exposing his person, when she demanded that he leave her house, which he did not do; and thereupon she became frightened and ran out at the back door, and he ran out at the front door and around after her, but she outran him and went to the house of one of her neighbors, Mr. Landrums; that shortly thereafter Mr. Clark came up, and she told him what had happened, and when they reached Mr. Clark's home the appellant was there, and about this time her husband arrived, and he and Mr. Clark took the appellant in charge and turned him over to the officers. The undisputed testimony in this case shows that the appellant was never closer at any time than 6 feet to the prosecutrix, and the distance ranges from 6 to 20 feet.

There is but one question presented in the record for our consideration, and that is the sufficiency of the testimony to sustain this conviction. It is the contention of appellant's counsel that, under the former decisions of this court, this conviction cannot stand, because the undisputed testimony discloses that the appellant never was within reach of the prosecutrix, and never laid his hands upon her, and therefore could not have been guilty of an assault with intent to rape, and in support of his contention he cites us to the cases of Marthall v. State, 36 S. W. 1062, 34 Tex. Cr. R. 22; Thompson v. State, 200 S. W. 168, 82 Tex. Cr. R. 524; Armstead v. State, 232 S. W. 519, 89 Tex. Cr. R. 475. After a careful examination of said authorities, in connection with a thorough examination of the entire record in this case, we are forced to the conclusion that the appellant's contention is well taken. In the Armstead Case, supra, the facts show that the appellant was a negro and the prosecutrix was a young white girl, and got much

closer to the prosecutrix in that case, to wit, 3 or 4 feet, than the appellant did to Mrs. Armstrong in the instant case, and this court, in passing upon and holding thereon that the evidence was insufficient, in an able opinion by Judge Hawkins, stated:

"If he used the language heretofore set out, his conduct was outrageous, and arouses the indignation of every good citizen; but that very fact cautions us to proceed carefully when determining the legal proposition involved. There is no question but that the language used did not constitute an assault. The little girl says that immediately upon the use of that language she turned and ran, and that appellant never got closer to her than before she started; that she outran him. However reprehensible the conduct may have been * * * upon the occasion in question, if we are to follow the decisions of the court, which, with but one exception, have been uniformly adhered to since the case of Cromeans v. State, 129 S. W. 1129, 59 Tex. Cr. R. 611, we must hold that the record does not disclose a case of assault with intent to rape"—citing several authorities.

The Armstead Case, supra, in fact is a stronger case for the state than the instant case, with the facts very similar, and same has never been criticized, modified, or overruled by this court.

We are therefore of the opinion that the learned judge was in error in refusing a new trial on account of the insufficiency of the evidence to sustain this conviction, and this case should be reversed and remanded; and it is accordingly so ordered.

PER CURIAM. The foregoing opinion of the Commission of Appeals has been examined by the judges of the Court of Criminal Appeals, and approved by the court.